IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES BOYD GARDNER,           )
                                )
            Plaintiff,          )
                                )
      v.                        )   1:10CV245
                                )
MR. JACOBS, Jailor,             )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's pro se letter motion (Docket Entry 7) seeking to amend his Complaint brought pursuant to 42 U.S.C. § 1983 to add another defendant, "Miss Fran," the "Head Nurse" at the Davidson County (N.C.) Jail ("the Jail"). The undersigned United States Magistrate Judge previously recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim against the only defendant originally named (i.e., "Mr. Jacobs, Jailor") in connection with the preliminary review required by 28 U.S.C. § 1915A(a). (Docket Entry 3.) Plaintiff has filed objections to that Recommendation. (Docket Entries 6, 8.) Assuming (but not deciding) that, under Fed. R. Civ. P. 15(a)(1), Plaintiff has a right to amend his Complaint as a matter of course at this stage without leave of the Court, the Court again would have an obligation, under 28 U.S.C. § 1915A(a), to review the Complaint as amended to determine if Plaintiff had stated a claim as to the additional defendant.

As set out in the prior Recommendation, Plaintiff's Complaint alleges that he suffered an injury when he slipped on a wet floor

at the Jail.  (Docket Entry 3 at 3-5.)  In his original Complaint, Plaintiff sought to proceed against a jailor who allegedly caused the fall by failing to give Plaintiff shoes.  (Id.)  The prior Recommendation concluded that Plaintiff's allegations in that regard, at most, alleged negligence by the jailor and that such allegations failed to state a claim under 42 U.S.C. § 1983.  (Id. at 4-5.)  The allegations in the Complaint refer at one point to a "Nurse Fran" at the Jail who, after his fall, allegedly provided Plaintiff with a wheelchair and ibuprofen and stated "I believe you will be all right."  (Docket Entry 2 at 3.)  According to Plaintiff, only two days later was he taken to a hospital where further examination revealed a broken shoulder and wrist.  (Id.)

In his letter motion seeking to add Nurse Fran as a defendant, Plaintiff does not allege any new facts.  (See Docket Entry 7.)  In setting out his objections to the prior Recommendation, Plaintiff asserts that the doctor who eventually determined Plaintiff had broken his shoulder and wrist "said Jail should [sic] brought me to Hospital soon as fall happen [sic]."  (Docket Entry 6 at 3.)  Even if that allegation constituted part of Plaintiff's Complaint, the Court concludes that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against Nurse Fran.  Again, at most, Plaintiff has alleged that Nurse Fran provided him with negligent medical care; such allegations fail to state a claim under 42 U.S.C. § 1983.  See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983.").  Indeed, this principle is so

-2-

Case 1:10-cv-00245-JAB-LPA   Document 10   Filed 06/15/10   Page 2 of 3

well established that courts have found such actions subject to dismissal not only for failure to state a claim, but also as frivolous. See, e.g., Fenlon v. Quarterman, 350 Fed. Appx. 931, 933-34 (5th Cir. 2009); Lamb v. Lieber Correctional Inst. Med. Staff, C/A No. 8:09-1806-CMC-BHH, 2009 WL 2524697 (D.S.C. Aug. 14, 2009) (unpublished).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's letter motion (Docket Entry 7) seeking to amend his Complaint to add "Miss Fran, Head Nurse" be **GRANTED**, but that the Complaint as so amended be dismissed pursuant to 28 U.S.C. § 1915A(a) for failing to state a claim and for being frivolous.

　　　　　　　　　　　　　　　　　　/s/ L. Patrick Auld
　　　　　　　　　　　　　　　　　　**L. Patrick Auld**
　　　　　　　　　　　　　　**United States Magistrate Judge**
June 15, 2010